UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN DANIEL NELSON, | : | 3:24-cv-007 (SVN) |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COUNSELOR LANPHAER, *et al.*, | : | August 16, 2024 |
|    Defendants. | : | |

## INITIAL REVIEW ORDER

*Pro se* plaintiff Stephen Daniel Nelson, a sentenced inmate[1] currently incarcerated at Osborn Correctional Institution ("Osborn") of the Connecticut Department of Correction ("DOC"), filed this civil rights complaint under 42 U.S.C. § 1983 against four DOC employees: Counselor Lanphaer, Deputy Warden Zegarzewski, Deputy Warden Robert Martin, and Counselor Supervisor Lacy.

After an initial review under 28 U.S.C. § 1915A, the Court determined that Plaintiff had not alleged any plausible claims and dismissed the action without prejudice to his filing an amended complaint. Initial Review Order, ECF No. 19.

On May 9, 2024, Plaintiff filed an amended complaint against the same Defendants. Am. Compl. ¶¶ 4–9, ECF No. 20. Like his original complaint, Plaintiff's amended complaint asserts violation of his rights arising from his deprivation of court access. He again sues Defendants in their individual and official capacities.

The Prison Litigation Reform Act requires that federal courts review complaints brought

---

[1] Information on the Department of Correction website shows that Plaintiff was sentenced on February 16, 2007, to a term of imprisonment of thirty years. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=239902 (last visited Aug. 15, 2024). The Court may take judicial notice of matters of public record. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual allegations in the amended complaint and conducted an initial review pursuant to 28 U.S.C. § 1915A.[2] Based on this initial review, the Court orders as follows.

I.      FACTUAL BACKGROUND

The Court assumes familiarity with its prior initial review and does not include herein all of the allegations from the amended complaint but summarizes only those facts necessary to provide context for initial review.[3]

Plaintiff's amended complaint essentially asserts the same factual circumstance about Counselor Lanphaer's refusal to return his legal documents that allegedly resulted in dismissal of his appeal, though in less detail than his original complaint. *See* Am. Compl. ¶¶ 18–25. The amended complaint also refers to the email communications between Counselor Lanphaer and

---

[2] It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint that includes only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" does not meet the facial plausibility standard. *Id.* (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

[3] The Court does not include herein Plaintiff's allegations from his "Introduction" concerning the challenges of the period during the COVID-19 pandemic, including judicial delays and facility lockdowns imposed by the DOC that limited his access to the law library. Plaintiff has not alleged any claims related to Defendants imposing lockdowns at his facility during the pandemic.

other facility staff, including Counselor Supervisor Lacy, *id.* ¶ 26, and "the complicity of the counselor supervisor, Deputy Wardens, and mental health doctor in failing to address the plaintiff's complaints." *Id.* ¶ 17. Plaintiff's amended complaint does not allege any specific conduct by Defendants not previously alleged in the original complaint.[4]

## II. DISCUSSION

The Court's prior Initial Review Order explained:

"To state a denial-of-access-to-the-courts claim, a prisoner must show that: (1) he suffered an 'actual injury,' (2) to a non-frivolous legal claim, (3) concerning his criminal conviction, habeas corpus petition, or conditions of confinement." *Kaminski v. Semple*, 796 F. App'x 36, 38–39 (2d Cir. 2019) (summary order) (quoting and citing *Lewis v. Casey*, 518 U.S. 343, 349, 352–54 (1996)). A plaintiff must describe the underlying claim "well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002).

ECF No. 19 at 7. The Court first observed Plaintiff had "not set forth his underlying claim with enough specificity to satisfy the pleading requirements of an access to courts claim" as he had "neither described his criminal convictions nor the nature of the arguments he intended to present on appeal" and "provided only conclusory claims in support of the underlying claim." *Id.* at 8. For example, in his original complaint, Plaintiff claimed that "[t]he lost [sic] of [his] appeal brief by these defendants . . . is a pivotal factor that contributed to the extended timeline in resolving [his] conviction" without elaborating how such an incident led to his asserted injury. *See id.*; Compl. ¶ 17, ECF No. 1. Nonetheless, in light of Plaintiff's *pro se* status, and his inclusion of

---

[4] Plaintiff has attached more than a hundred pages of exhibits to his amended complaint. Although the Court reviewed Plaintiff's exhibits attached to his original complaint to clarify his allegations, Plaintiff "may not [rely on] exhibits in lieu of alleging facts in the complaint [to state a claim] against a defendant." *See Rahim v. Barsto*, 3:22cv619 (MPS), 2022 WL 2704102, at *5 (D. Conn. July 12, 2022) (citing Fed. R. Civ. P. 8 and noting that plaintiff could not rely on exhibits to state deliberate indifference claim); *see also Walker v. Pastoressa*, 22-cv-00997 (HG) (LGD), 2022 WL 3716742, at *5 (E.D.N.Y. Aug. 29, 2022) (citation omitted) (noting plaintiff may not rely on exhibits to satisfy Rule 8's requirement to provide a short and plain statement of his claim). Nonetheless, the Court has reviewed the exhibits attached to the amended complaint. They do not change the Court's conclusion that the amended complaint fails to state a cognizable claim for denial of access to the courts.

materials related to Attorney Westcott's *Anders* motion, the Court did not dismiss Plaintiff's claim for deficient pleading and proceeded to consider whether Plaintiff alleged any plausible claim arising from the loss of his legal materials. ECF No. 19 at 8.

First, the Court determined that Plaintiff had not alleged facts "to suggest that his appeal would have involved a nonfrivolous claim," noting that the Connecticut Superior Court decision on Attorney Westcott's *Anders* motion (now attached to Plaintiff's amended complaint as exhibit 3) deemed Plaintiff's appeal to be "wholly frivolous." *Id.* at 8–9. Secondly, the Court observed that Plaintiff's complaint and exhibits showed he had sufficient time to redraft his appellate brief and receive another copy of the transcript after the loss of his legal paperwork, and therefore, Plaintiff failed to show that Counselor Lanphaer's conduct of losing his paperwork caused him the asserted injury of an untimely appeal. *Id.* at 9.

In addition, the Court noted that Plaintiff could not proceed on any claims against Deputy Wardens Zegarzewski and Martin because he had not alleged facts in the body of his complaint about their direct conduct to deprive him of his legal papers, *id.* at 11 (citing *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020)), and that his official capacity claims against defendants who worked at Corrigan Correctional Center ("Corrigan") were moot. *Id.* at 10 (*citing Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006)).

Plaintiff's amended complaint does not correct the deficiencies of his claims as identified in the Initial Review Order. Plaintiff again asserts in conclusory terms that Counselor Lanphaer caused him to miss the deadline for filing his appellate brief by refusing to return Plaintiff's appellate brief taken earlier for purposes of copying. As discussed in the Initial Review Order, Plaintiff has not plausibly alleged a denial of access to the courts claim on these facts, as re-alleged in the amended complaint. *See* ECF No. 19 at 6–9. Further, he provides no factual allegations to

describe how Deputy Wardens Zegarzewski and Martin had any direct involvement in the loss of his paperwork. Finally, although the amended complaint alleges that Lanphaer informed Counselor Supervisor Lacy about the paperwork loss and Lacy communicated with facility staff about it as part of his investigation, these sparse facts do not support any inference that Lacy, a supervisory defendant, had any direct involvement in his paperwork loss or acted to prevent his access to the courts. *See Tangreti*, 983 F.3d at 620.

Because the amended complaint does not allege facts to overcome the deficiencies of claims under 42 U.S.C. § 1983 arising from the loss of his legal papers, the Court must dismiss such claims as not plausible. The Court understands Plaintiff's frustration with the situation concerning the lost appellate brief, particularly because the communications between prison staff that Plaintiff received through his Freedom of Information request did not resolve the question of how or why the brief was lost. But Plaintiff's allegations simply do not rise to the level of a constitutional violation that gives rise to a claim under 42 U.S.C. § 1983, as he fails to show he suffered an actual injury to a nonfrivolous legal claim concerning his conviction. Moreover, as noted in the original Initial Review Order, it appears there was sufficient time for him to rewrite his appellate brief before the deadline, as his papers were reported as lost on March 4, 2016, and the brief was not due until August 26, 2016. *See* Am. Compl. at 55 (Incident Report), 87 (Dismissal Order). For these reasons, the Court must dismiss Plaintiff's amended complaint. *See* 28 U.S.C. § 1915A.

Plaintiff cannot pursue injunctive relief given that his denial of access to the courts claim fails. Even if his claim was plausible, however, his requests for official capacity relief against all Defendants remain moot because he has clarified that all Defendants are employed at Corrigan, Am. Compl. ¶¶ 4–9, and he is now housed at Osborn. *See Salahuddin*, 467 F.3d at 272 (citations

omitted) (an inmate's transfer from a correctional facility generally moots claims for declaratory and injunctive relief against officials at that facility).

Finally, to the extent Plaintiff alleges any claims under state law, the Court declines to exercise supplemental jurisdiction over any such claims as all federal claims in this action are dismissed as not plausible. *See* 28 U.S.C. § 1367(c)(3) (providing that the court may decline to exercise supplemental jurisdiction over a state law claim if the court has dismissed all claims over which it has original jurisdiction).

### III.     CONCLUSION

Based on the foregoing, the Court DISMISSES the amended complaint for failure to state a plausible claim for relief under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915A. As Plaintiff has already had one opportunity to amend his original complaint, the Court does not afford Plaintiff any further opportunity to file an amended complaint. The Clerk is directed to close this case.

**SO ORDERED** at Hartford, Connecticut, this 16th day of August, 2024.

                                                       */s/ Sarala V. Nagala*
                                                      SARALA V. NAGALA
                                                      UNITED STATES DISTRICT JUDGE